ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 28, 2011

The Honorable Harold V. Dutton, Jr.
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0849

Re: Authority of the general manager of a water district to serve as city manager of a home-rule city (RQ-0913-GA)

Dear Representative Dutton:

Your predecessor asked whether the general manager of a water district may simultaneously serve as city manager of a home-rule city.[1] This dual office-holding question arises in the context of a plan to consolidate the City of Balch Springs (the "city") with the Dallas County Water Control and Improvement District No. 6 (the "water district").[2] An agreement under the Interlocal Cooperation Act provides that the general manager of the district will also serve as city manager for two years during the consolidation process. *See* Request Letter, *supra* note 1, at 1; Interlocal Agreement at 1 (attached to Request Letter); *see also* TEX. GOV'T CODE ANN. §§ 791.001–.034 (West 2004 & Supp. 2010) (Interlocal Cooperation Act). We have been asked only whether the individual's dual service will violate the common-law doctrine of incompatibility. We express no opinion on the proposed consolidation of the city with the water district.

The common-law doctrine of incompatibility bars dual public service in cases of self-appointment, self-employment, and conflicting loyalties. Tex. Att'y Gen. Op. No. GA-0307 (2005) at 3. Self-appointment incompatibility prevents one person from holding two offices, one of which is appointed by the other. *See Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) ("[A]ll officers who have the appointing power are disqualified for appointment to the offices to which they may appoint."). Self-employment incompatibility prevents one person from holding an office and an

[1]Letter from Honorable Yvonne Davis, Chair, Committee on Urban Affairs, Texas House of Representatives at 1 (Aug. 26, 2010) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter]. The City of Balch Springs is a home-rule city. *See* CITY OF BALCH SPRINGS, TEX., CODE OF ORDINANCES, pt. 1 (2008) (Charter Preamble) (*available at* http://www.cityofbalchsprings.com/links.htm) (last visited Mar. 24, 2011) [hereinafter City Charter].

[2]The water district converted to a municipal utility district in 1981 but did not change its name. *See* SENATE COMM. ON INTERGOVERNMENTAL RELATIONS, BILL ANALYSIS, Tex. S.B. 461, 72d Leg. (1991) ("Background"); *see also* TEX. WATER CODE ANN. § 54.030(a) (West 2002) (authorizing water control and improvement district to be converted into a municipal utility district).

employment that the office supervises. Tex. Att'y Gen. Op. No. GA-0766 (2010) at 1. Conflicting loyalties incompatibility "prohibits an individual from simultaneously holding two positions that would prevent him or her from exercising independent and disinterested judgment in either or both positions." Tex. Att'y Gen. Op. No. GA-0169 (2004) at 2.

The board of the water district may employ a general manager and delegate to him "full authority to manage and operate the affairs of the district subject only to orders of the board." TEX. WATER CODE ANN. § 49.056(a) (West 2008); *see generally id.* § 49.002(a) (stating that Water Code chapter 49 applies to all general and special law districts absent conflict with other Water Code provisions). The city manager of Balch Springs is appointed by the city council and is responsible to the city council for administering city matters. *See* City Charter, *supra* note 1, at pt. 1, art. IV, § 4.01 (describing duties of the city manager). Self-appointment incompatibility and self-employment incompatibility do not prohibit dual service as general manager of the water district and city manager. Neither position has authority to appoint or supervise the other.

Conflicting loyalties incompatibility applies only where each position constitutes an "office." Tex. Att'y Gen. Op. Nos. GA-0766 (2010) at 1–2, GA-0538 (2007) at 2, GA-0402 (2006) at 2, GA-0393 (2006) at 3. The determining factor that distinguishes a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (citation omitted). Prior opinions from this office have concluded that "a person is not ordinarily an officer if his or her actions are subject to control by a superior body, for in such instance, the person is not exercising authority largely independent of the control of others." Tex. Att'y Gen. Op. No. GA-0766 (2010) at 2, GA-0169 (2004) at 3.

The board of a water district

> may employ or contract with a person to perform such services as general manager for the district as the board may from time to time specify. The board may delegate to the general manager full authority to manage and operate the affairs of the district subject only to orders of the board.

TEX. WATER CODE ANN. § 49.056(a) (West 2008). The actions of the general manager of a water district are subject to control by the district board. *See id.* Accordingly, the general manager does not occupy an "office." Therefore, the conflicting loyalties incompatibility doctrine would not apply in this case.

Your predecessor also asked whether Attorney General Opinion GA-0766, pertaining to the statutory authority by which a city manager of a general-law city was appointed by and served at the will of the municipal government body, could be applied to a home-rule city as well. *See* Request Letter, *supra* note 1, at 2; Tex. Att'y Gen. Op. No. GA-0766 (2010) at 2 (quoting Local Government

Code sections 25.021 and 25.028). The city manager in that instance did not exercise power "largely independent of the control of others" and accordingly did not hold an office. *See id.* at 2 (quoting *Aldine*, 280 S.W.2d at 583). This analysis would apply to determine under the relevant city charter and ordinance provisions whether the city manager of a home-rule city was an officer. *See generally* Tex. Att'y Gen. Op. No. GA-0362 (2005) at 4–5 (concluding that a home-rule city may adopt a city charter provision that is stricter than the common-law doctrine of incompatibility).

In the City of Balch Springs, for example, the city council appoints the city manager as the chief administrative and executive officer of the city, and he is "responsible to the City Council for the administration of all affairs of the City." City Charter, *supra* note 1, at pt. 1, art. IV, § 4.01 (describing duties of the city manager). The city manager holds this position at the pleasure of the city council, and his appointment may be terminated at any time with or without cause. *See id.* § 4.01(3). Thus, he is not an officer. The parties in this case should also consult any restrictions on dual employment included in the city charter or ordinances.

## S U M M A R Y

The general manager of a water district does not occupy an office because his actions are subject to control by the water district board. The common-law doctrine of incompatibility does not prohibit the general manager of a water district from serving as a city manager. The city manager of a home-rule city who is appointed by and subject to termination by the city council is not an officer within the common-law doctrine of incompatibility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee